IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES IRVIN HILL, #36106                                                PLAINTIFF

VS.                                                    CIVIL ACTION NO. 1:13-cv-544-MTP

WEXFORD HEALTH SERVICES,
DR. RONALD WOODALL and DR. C. McCLEAVE                    DEFENDANTS

## MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COME NOW, the defendants, Charmaine McCleave, Ron Woodall, and Wexford Health Sources, Inc., by and through undersigned counsel, and file this their Memorandum Brief in Support of Motion for Summary Judgment and would respectfully show unto the Court as follows:

### FACTS

The defendants Woodall and McCleave are medical doctors employed by Wexford Health Sources, Inc. Wexford Health Sources provides certain medical care to inmates in the custody of the Mississippi Department of Corrections. McCleave and Woodall work primarily at SMCI. Wexford does not provide care at the Wilkinson County Facility.

This lawsuit was filed on August 8, 2013. At that time, the plaintiff had been housed at SMCI from April 5, 2013 until August 15, 2013. On August 26, the plaintiff filed his Notice of Change of Address [Doc. 5]. By the time this court authorized process to issue, Mr. Hill was no longer at SMCI. He was subsequently allowed to amend his Complaint to include claims arising out of his medical treatment at the Wilkinson County Correctional Facility.

Plaintiff's housing history is set forth in the Drill Down Report which is attached as part of the Affidavit of Ron Woodall (Exhibit "C"). He re-entered the system in September of 2012.

He was enrolled in the chronic care clinic (Exhibit "A", pages 120-124). It was noted that he had hypertension, diabetes, Hepatitis, and several other medical problems.

He arrived at SMCI on April 5, 2013. On April 8, a Hep C panel was ordered (Exhibit "A", pages 163 and 406), and he was enrolled in chronic care (Exhibit "A", page 407).

Interestingly, on April 28, 2013 and then again on May 3, 2013, he asked to be removed from the chronic care clinic (Exhibit "A", pages 177, 178, and 181). Lab results came back on May 3 (Exhibit "A", pages 168 and 169). This report shows a low platelet count and a normal liver function including AST (SGOT) (see also, Exhibit "C"). He was seen by Dr. McCleave on May 16, 2013 (Exhibit "A", pages 200 and 201). Dr. McCleave examined him and explained her findings and the reasons for her decisions. This is consistent with Mr. Hill's testimony (Exhibit "C", page 26). This visit is apparently the basis for his lawsuit against Dr. McCleave.

Mr. Hill was seen in the chronic care clinic on June 3, 2013 (Exhibit "A", pages 190-195). The degree of control of his Hepatitis assessment was listed as "good". On August 5, 2013 additional lab work was ordered (Exhibit "A", page 209). These reports came back on August 12, 2013 (Exhibit "A", pages 220 and 221). Although his platelet count had risen, it was still low.

On August 15, Mr. Hill was transferred to the Wilkinson County Correctional Facility, and no longer under the care of Dr. McCleave, Dr. Woodall, or Wexford.

He has recently returned to SMCI and continues to be monitored. As shown by the Affidavit of Dr. Woodall, if his test results change then additional treatment will be considered.

## LAW

At the outset, it should be noted that the plaintiff is only entitled to medical treatment for serious medical needs. It is not a certainty that asymptomatic Hepatitis C is a serious medical need. See *Holt v. Enenmoh*, Cause No. 1:10-cv-02385-SKO, 212 WL 14025 (Ed. Cal. 2012). (Exhibit "A" hereto).

In *Tharp v. Justice*, Civil Action No. 5:05-cv-6, 2006 WL 1677884, (Exhibit "B" hereto) the Court considered an inmate's complaints regarding his treatment for Hepatitis C. The Court did not address whether this was a serious medical need, but recognized that the plaintiff was not a good candidate for treatment and accordingly held that there was no deliberate indifference to his condition.

Similar results have been reached in Mississippi. See, *Davis v. Epps*, Cause No. 4:8-cv-85-A-D, 2010 WL 572588. (Exhibit "C" hereto).

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prison official may not be held liable under this standard pursuant to Section 1983 unless the inmate alleges facts which, if true, would establish that the official "knows of an disregards an excessive risk to inmate health or safety; the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id.* At 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberatge indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

In regard to his Hepatitis C, the Plaintiff has been seen in the Chronic Care Clinic. Lab work is performed on a regular basis. At this time, the results of that blood work do not indicate any additional treatment other than monitoring is necessary.

The Plaintiff also makes a claim against Wexford Health Sources, Inc. Section 1983 does not create supervisory or *respondeat superior* liability. *Oliver v. Scott*, 276 F.3d, 736 (5th Cir. 2002). In order to hold an entity liable under §1983, the Plaintiff must prove that a policy, custom or practice was the leading force behind the Constitutional violation. *Monell v. Department of Social Services*, 436 US 658, 694 (1978). *See also, Warren v. Epps*, Civil Action

No. 2:10-cv-22-MTP in the United States District Court for the Southern District of Mississippi, Hattiesburg Division.

The Plaintiff having failed to identify a policy, practice or custom of Wexford Health Sources, Inc., the Defendant Wexford Health Sources, Inc. is entitled to be dismissed.

## CONCLUSION

While at SMCI, Mr. Hill has been seen by two different medical professionals. Both of them advised him that he was not a good candidate for treatment at present. He was only at SMCI for a short period of time. Although his ongoing complaints are not really part of this litigation, his condition continues to be monitored and treatment options will be explored if and when his symptoms change.

Mr. Hill may not be receiving the treatment he would have chosen for himself, but that is not the standard. He was and is being seen and treated appropriately.

Accordingly, these defendants request that they be dismissed.

Respectfully submitted, this the 25th day of March, 2015.

CHARMAINE McCLEAVE, RONALD WOODALL, and WEXFORD HEALTH SOURCES

/s/ V. K. Smith, III
V. K. Smith, III (MSB # 7623)

BRYAN NELSON, PA
Post Office Drawer 18109
Hattiesburg, MS 39404-1809
Telephone: 601-261-4100
Facsimile: 601-261-4106
E-mail: VSmith@bnlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2015 I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notice of such filing to:

Tommy Goodwin
tgood@ago.state.ms.us
*Attorney for Mike Hatten*

Robert H. Pedersen
bpedersen@watkinseager.com
*Attorney for James Burke and Health Assurance, LLC*

Steven James Griffin
sgriffin@danielcoker.com
*Attorney for Management Training Corp.*

and that I have mailed by United States Postal Service the document to the following non-ECF participant:

James Irvin Hill, #36106
South MS Correctional Facility
Area 2, C-1-193
P. O. Box 1419
Leakesville, MS 39451
*Pro Se Plaintiff*

/s/*V. K. Smith, III*
V. K. Smith, III, MSB #7623